Per Curiam.

The objection to the notice of the meeting of the commissioners cannot prevail.
The commissioners had no jurisdiction over a town way, but the imperfect description of the subject of their proceedings is not essential, if they had a right to act. It is admitted that there was a county road at each terminus, and the prayer was, *357 that there should bo an altera Von of the road in question, which was called a county road, or that a new road should be located. The commissioners had a right to connect the two county roads, and that seems to be the effect of their doings, a straight road being made between the two termini.* [1] Calling this an alteration of the old road, we think, ought not to vitiate the proceedings.
As to there being no notice of the location and assessment of damages ; the commissioners went to view the route pursuant to notice given by them, and having adjudged the road to be of common convenience and necessity, they adjourned to an appointed time and place for the purpose of locating it and assessing damages. As the location and assessment of damages were to be made by the same body which viewed and adjudged the road to be of common convenience and necessity, a new notice was not required.I The blank left in the record for the day to which the commissioners' adjourned is a mere clerical omission, and may be filled up by the commissioners.

Proceedings affirmed.

 See New Vineyard v. Somerset, 15 Maine R. (3 Shepley,) 22.

 See Revised Slat. 24, § 6; Rutland v. County Comm, of Worcester, 20 Pick. 71.